UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 11, 2019

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re: *Rafael Melendez v. Port Authority of New Jersey & New York and John Does 1-20, individually and in their official capacity.*

Civil Action No. 16-8362 (MAS) (TJB)

Dear Counsel:

This matter comes before the Court upon Defendant Port Authority of New Jersey & New York's ("Defendant" or "Port Authority") Motion for Summary Judgment. (ECF No. 21.) Plaintiff Rafael Melendez ("Plaintiff") opposed (ECF No. 24), and Defendant replied (ECF No. 25). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court denies Defendant's Motion for Summary Judgment. Due to procedural deficiencies,[1] however, the Court

---

[1] Defendant removed this matter from the Superior Court of New Jersey, Law Division, Monmouth County on November 3, 2016. (Notice of Removal, ECF No. 1.) The Notice of Removal also notified the Court that Defendant had not yet answered Plaintiff's Complaint, and requested a thirty-day extension "from the Court's decision regarding removal . . . to file an Answer to the Complaint." (*Id.*) Plaintiff did not seek remand. The parties continued to litigate the matter before the magistrate judge, and Defendant neither answered nor responded to Plaintiff's Complaint. On December 28, 2018, Defendant filed the instant Motion for Summary Judgment. (ECF No. 21.) Defendant, however, predominantly seeks dismissal of Plaintiff's claims due to Plaintiff's allegedly deficient pleadings. (*See e.g.*, Defs.' Moving Br. 4-5 (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007)) ("Plaintiff[] . . . does not plead a cause of action under *Monell* [*v. New York City Department of Social Services*, 436 U.S. 658 (1978)] . . . because he does not specify what [was] the relevant custom or policy at issue in this matter . . . . Moreover Plaintiff has not even engaged in formulaic recitation of the elements of a cause of action—which, even if he did, would still not be enough to plead a *Monell* cause of action.") ECF No. 21-1.) Because Defendant has not yet answered Plaintiff's Complaint, and further seeks dismissal of claims based on the sufficiency of Plaintiff's pleadings, and based on the Court's inherent authority to control the matters on its docket, the Court finds good cause to construe Defendant's Motion for Summary Judgment as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See generally* Fed. R. Civ. Proc. 7; Fed. R. Civ. Proc. 12.

dismisses without prejudice Plaintiff's Complaint, and grants Plaintiff leave to file an amended complaint.

I. **Background**[2]

In August 2016, Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Monmouth County. (Notice of Removal, Ex. A, ECF No. 1-1.) Plaintiff's Complaint alleges that on November 18, 2015, Plaintiff applied to become a Port Authority police officer after he had passed the Port Authority's police officer's examination. (Notice of Removal, Ex. 1 ("Compl.") ¶ 17.) "In March 2016, the [Port Authority] notified [P]laintiff that . . . he was being offered . . . employment as a police officer," which was contingent upon "[P]laintiff successfully completing an extensive background investigation, passing a medical and written psychological exam, and completing the police academy." (*Id.* ¶¶ 18-19.) Plaintiff successfully completed the background investigation; however, after Plaintiff underwent a medical examination and took a written psychological examination, Defendants sent Plaintiff correspondence stating they "were unable to certify [him] for appointment to the position of police officer." (*Id.* ¶¶ 21-23 (internal quotation marks omitted) (alteration in original).) That correspondence failed to provide Plaintiff with a reason as to why Defendants were unable to certify Plaintiff as a police officer. (*Id.* ¶ 24.) Plaintiff subsequently initiated the instant action.

II. **Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must review "the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the Court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

---

[2] For purposes of the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

## III.   Discussion

Counts V, VI, VII of the Complaint allege a violation of Plaintiff's Fourteenth Amendment right to Equal Protection, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986, respectively. (Compl. ¶¶ 8-11.) In support of his 42 U.S.C. § 1983 ("Section 1983") claim, Plaintiff alleges, "[D]efendants, individually, jointly and severally, denied [P]laintiff his constitutional right to equal protection and discriminated against [P]laintiff on account of race and ethnicity in violation of the [Fourteenth] Amendment." (Id. ¶ 9.) Although Plaintiff named individual John Does as defendants, his Complaint is completely devoid of any facts related to those individuals. Therefore, because an individual defendant "must have [had] personal involvement in the alleged wrong[doing]" to be liable under Section 1983, and Plaintiff fails to allege any facts that would set forth a cause of action against any individual Defendants, the Court finds Plaintiff failed to successfully raise a Section 1983 claim with respect to John Does 1-20. *Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff further failed to satisfactorily plead municipality liability under Section 1983. "A municipality[3] may incur liability under [Section] 1983 only when its policy or custom causes a particular constitutional violation." *Marable v. W. Pottsgrove Twp.*, 176 F. App'x 275, 282-83 (3d Cir. 2006) (citing *Monell*, 436 U.S. 658, 694 (1978)). "*Monell* . . . created a two-path track to municipal liability, depending on whether a [Section] 1983 claim is premised on a municipal policy or custom." *McTernan v. City of New York*, 564 F.3d 636, 658 (3d Cir. 2009) (internal quotation marks and citation omitted).

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of officials [are] so permanently and well settled as to virtually constitute law. . . . Custom requires proof of knowledge and acquiescence by the decisionmaker.

*Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original) (internal quotation marks omitted). Here, Plaintiff's Complaint solely provides:

> Upon information and belief, the PORT AUTHORITY discriminated against . . . [P]laintiff on account of his race, ethnicity

---

[3] "The Port Authority is treated as a municipality for purposes of [Section] 1983 liability under *Monell*." *Garret v. Port Authority of N.Y. v. N.J.*, No. 04-7368, 2006 WL 2266298, at *4 n.8 (S.D.N.Y. Aug. 7, 2006) (citing *Mack v. Port Authority of N.Y. & N.J.*, 225 F. Supp. 2d. 376, 383 n.7 (S.D.N.Y. 2002), *overruled on other grounds by Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 199 (2d Cir. 2014).

3

and heritage by imposing medical and psychological standards different than the standard imposed on similarly situated non-Hispanic recruits.

Upon information and belief, the PORT AUTHORITY previously discriminated against other recruits or applicants for employment on the account of race, ethnicity and heritage.

Upon [i]nformation and belief, non-[w]hite recruits at the PORT AUTHORITY are being evaluated on an inconsistent and shifting set of standards of physical and psychological fitness than [w]hite applicants.

(Compl. ¶¶ 28-30.) The Court finds these allegations insufficient to demonstrate municipal liability. Namely, Plaintiff failed to plead facts related to a decisionmaker, and whether that decisionmaker had knowledge or acquiescence of that policy or custom. *See e.g.*, *McTernan*, 564 F.3d at 658 ("Equally fatal, the four allegations in the complaint relevant to [the plaintiff's] *Monell* claim fail to allege conduct by a municipal decisionmaker."). The Court, accordingly, finds Plaintiff failed to sufficiently plead a *Monell* claim. Further, because Plaintiff failed to adequately plead a constitutional violation under Section 1983, Plaintiff's 42 U.S.C. § 1985 ("Section 1985") and 42 U.S.C. § 1986 ("Section 1986") claims also fail.[4] *See e.g.*, *Houston v. Twp. of Randolph*, 934 F. Supp. 2d 711, 722, 724, 738-39 (D.N.J. 2013), *aff'd* 559 F. App'x 139 (3d Cir. 2014) (finding, *inter alia*, that because the plaintiff failed to establish a predicate civil rights violation, the plaintiff's Sections 1985 and 1986 claims necessarily must fail); *see also id.* at 739 (quoting *Koger v. Kaplan, Inc.*, 169 F. App'x 682, 684 (3d Cir. 2006)) ("A [Section] 1986 claim is, by definition, dependent on a pre-existing violation of [Section] 1985(3).").

### IV. Conclusion

The Court denies Defendants' Motion for Summary Judgment. (ECF No. 21.) The Court dismisses without prejudice Plaintiff's Complaint (ECF No. 1-1), and grants Plaintiff leave to file an Amended Complaint. Defendants must answer or otherwise respond to Plaintiff's Amended Complaint. *See* Fed. R. Civ. Pro. 7; *see also* Fed. R. Civ. P. 12. Defendant may file a renewed motion for summary judgment after the close of pleadings.

### V. Order

Based on the foregoing, and for other good cause shown,

**IT IS** on this 11th day of July 2019 **ORDERED** that:

1. The Court **DENIES** Defendant's Motion for Summary Judgment. (ECF No. 21.)

---

[4] Because Plaintiff fails to adequately plead his claims giving rise to federal question jurisdiction, the Court declines to address Defendants' arguments pertaining to the New Jersey Law Against Discrimination.

2.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. (ECF No. 1-1.)

3.  By **August 11th, 2019**, Plaintiff may file an Amended Complaint.[5]

4.  Defendant must answer or otherwise respond to Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure and Local Civil Rules.

5.  Defendants may file a renewed summary judgment motion after the close of pleadings.[6]

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] The Clerk shall administratively terminate this matter without prejudice and reopen the matter upon the filing of the Amended Complaint.

[6] The Court recognizes it has the authority to convert a motion to dismiss into a motion for summary judgment on proper notice to Plaintiff. *See, e.g., Bruni v. City of Pittsburgh*, 824 F.3d 353, 362 (3d Cir. 2016). That, however, requires a valid motion to dismiss to convert to a motion for summary judgment. Here, by failing to originally answer or otherwise respond, Defendants have effectually deprived Plaintiff of the opportunity to file an Amended Complaint, and the Court typically affords plaintiffs at least one opportunity to amend factually deficient pleadings. Therefore, based upon the interests of justice and the Court's inherent authority to control the matters on its docket, the Court finds good cause to afford Plaintiff the opportunity to file an Amended Complaint.