## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAFAEL MELENDEZ,

               Plaintiff,

               v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, et al.,

               Defendants.

Civil Action No. 16-8362 (MAS) (TJB)

**MEMORANDUM ORDER**

      This matter comes before the Court upon Defendant Port Authority of New York and New Jersey's ("Defendant"[1] or the "Port Authority") unopposed Motion to Dismiss Plaintiff Rafael Melendez's ("Plaintiff") Third Amended Complaint[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37.) The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

---

[1] Unlike his Amended Complaint, (*see generally* Am. Compl., ECF No. 27), Plaintiff's Third Amended Complaint does not include Dr. Michele Kaufman ("Dr. Kaufman") and Dr. Nancy Bloom ("Dr. Bloom") as defendants. (*see generally* Third Am. Compl. ("TAC"), ECF No. 36). In its March 31, 2020 Memorandum Opinion dismissing Plaintiff's Amended Complaint, the Court noted that it did not appear that Dr. Kaufman and Dr. Bloom were ever served and, accordingly, referred to the Port Authority as the singular "Defendant" in the matter. (Mar. 31, 2020 Mem. Op. ("Op.") 1 n.1, ECF No. 34.) Because Plaintiff's Third Amended Complaint does not list Dr. Kaufman and Dr. Bloom as parties, and because it is still unclear whether Dr. Kaufman and Dr. Bloom were ever served, the Court shall again refer to the Port Authority as the singular "Defendant" in this matter.

[2] Both the operative amended complaint and instant motion reference Plaintiff's Third Amended Complaint. (*See* ECF Nos. 36, 37.) Upon review of the docket, however, it appears to the Court that Plaintiff's Third Amended Complaint is, in fact, Plaintiff's Second Amended Complaint. For the purposes of this Memorandum Order and to avoid any confusion, the Court will refer to the operative amended complaint as Plaintiff has designated, the Third Amended Complaint.

## I.    BACKGROUND

The parties are familiar with the factual and procedural history of this matter. The Court, therefore, only recites those facts necessary to resolve the instant motion. On March 31, 2020, the Court dismissed Plaintiff's Amended Complaint for failure to state a claim. (*See generally* Op.); *see also Melendez v. Port Auth. of N.Y. and N.J.*, No. 16-8362, 2020 WL 1531370 (D.N.J. Mar. 31, 2020). The Court held, *inter alia*, that Plaintiff "failed to adequately allege municipal liability [under 42 U.S.C. § 1983] because he has failed to plead facts related to a decisionmaker and whether that decisionmaker had knowledge of or acquiesced in the alleged policy or custom." (Op. 10.) The Court, accordingly, dismissed Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986, and Article 1, ¶ 1 of the New Jersey Constitution. (*Id.* at 10–12.) The Court, however, afforded Plaintiff one final opportunity to file an amended complaint. (*Id.* at 12.)

On April 21, 2020, Plaintiff filed the instant Third Amended Complaint against Defendant, again asserting violations of §§ 1983, 1985, and 1986, and Article 1, ¶ 1 of the New Jersey Constitution. (TAC *6–10.)[3] Plaintiff's Third Amended Complaint, however, is identical to his Amended Complaint save for a few references to Paulette Counts ("Ms. Counts"), the Port Authority's Medical Operations Manager, and vague assertions that unconstitutional conduct was performed under color of state law.[4] (*See id.* at *3–4, *6–7, *9–10; *compare id., with* Am. Compl.)

## II.    LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

---

[3] Page numbers preceded by an asterisk refer to the page number on the ECF header.

[4] Plaintiff's Third Amended Complaint also omits the state law claims alleged in his Amended Complaint. (*See* Am. Compl. *6–10; *see generally* TAC.)

the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III.   DISCUSSION[5]

In his Third Amended Complaint, Plaintiff attempts to rectify the pleading deficiencies set forth in the March 31, 2020 Memorandum Opinion by asserting that Ms. Counts "has final decision-making authority, and had knowledge of or acquiesced in the [discriminatory] policy or custom" Plaintiff alleges. (*See* TAC *6–7.) Plaintiff, however, has not pleaded *any* facts to

[5] For the purposes of this Memorandum Order, the Court incorporates the "Discussion" section of its March 31, 2020 Memorandum Opinion. (*See* Op. *6–12); *see also Melendez*, 2020 WL 1531370, at *3–6.

3

demonstrate Ms. Counts's decision-making authority, knowledge, or acquiescence. (*See generally id.*) Such conclusory allegations are insufficient to allege municipal liability under § 1983. *See Torres v. Borough of Lindenwold*, No. 14-5243, 2015 WL 3949076, at *5–6 (D.N.J. June 29, 2015) ("[A]lthough plaintiff claims that [the defendant] was the final decisionmaker for the police department, he does not provide any substance to support that conclusory allegation."); *see also, e.g., Giacalone v. Ne. Pa. Ins. Fraud Task Force*, No. 11-1647, 2012 WL 3027841, at *6–7 (M.D. Pa. July 24, 2012) (holding that the "conclusory nature of the[] factual allegations concerning who holds final decision making authority . . . warrants a finding that [the p]laintiffs have failed to set forth a *Monell* claim").

In the March 31, 2020 Memorandum Opinion, the Court held that Plaintiff failed to adequately allege a § 1983 claim because he "failed to plead facts related to a decisionmaker and whether that decisionmaker had knowledge of or acquiesced in the alleged policy or custom." (Op. 10.) Here, instead of pleading sufficient facts, Plaintiff provides a nearly identical amended complaint that sets forth conclusory allegations regarding municipal liability. Plaintiff, therefore, has failed to adequately allege a violation of § 1983. Furthermore, for the reasons stated in the incorporated March 31, 2020 Memorandum Opinion, the Court finds that Plaintiff's § 1985, § 1986, and New Jersey Constitution claims also fail. (*See id.* at 10–12); *see also Melendez*, 2020 WL 1531370, at *5–6.

Accordingly,

**IT IS** on this ___ day of December 2020 **ORDERED** that:

1.      Defendant's Motion to Dismiss (ECF No. 37) is **GRANTED**.

2.      Plaintiff's Third Amended Complaint (ECF No. 36) is dismissed with prejudice.

3.    The Clerk shall close the case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE